UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN HENGESBACH,
        Plaintiff,

                                                                                               No. 1:08-cv-355

-v-

                                                                                          HONORABLE PAUL L. MALONEY

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

      This matter comes before the Court on a Report and Recommendation (Dkt. No. 13) issued by the Honorable Ellen S. Carmody, United States Magistrate Judge. Plaintiff Hengesbach filed a complaint seeking review of a final decision of the Commissioner of Social Security. The complaint was automatically referred to the Magistrate Judge. Magistrate Judge Carmody recommends affirming the Commissioner's decision. At issue are Plaintiff Hengesbach's objections (Dkt. No. 14) to the Report and Recommendation. Defendant filed a response. (Dkt. No. 16.)

      After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the

magistrate's report that the district court must specifically consider"); *Howard*, 932 F.2d at 509. The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

Plaintiff Hengesbach's objection to the R&R is limited to a single issue, whether Magistrate Judge Carmody erred by not giving Dr. Ostien's testimony the appropriate weight.[1] Plaintiff has not alleged any factual errors or errors in the appropriate legal standards. Plaintiff objects to the application of the legal standard. Plaintiff argues Dr. Ostien's diagnosis was unrebutted by any other treating mental health care professional. Magistrate Judge Carmody summarized Plaintiff's appeal as asserting "a single issue, that the ALJ failed to accord appropriate weight to the GAF scores reported by Dr. Ostein [sic]." (R&R at 11.) Magistrate Judge Carmody explains why the GAF scores do not constitute a medical opinion and concluded the ALJ did not err by not deferring to Dr. Ostien's opinion. (*Id.* at 12.) In his objection, Plaintiff asserts Dr. Ostien did more than merely report a GAF score. Plaintiff argues Dr. Ostien rendered a medical opinion about Plaintiff's abilities and concludes that opinion was not afforded sufficient weight.

Having conducted a *de novo* review of the issue raised, Plaintiff's objection is

---

[1] In its response to Plaintiff's objection, Defendant Commissioner expresses disagreement with the Magistrate Judge's conclusion that Dr. Ostien was a treating physician. Had Defendant timely filed an objection, that argument would be considered. However, Defendant did not timely file an objection and this Court will assume Dr. Ostien was a treating physician for the purposes of this review.

OVERRULED.  There Plaintiff's objection overlooks Magistrate Judge Carmody's discussion of the rest of Dr. Ostien's opinion and the evidence of record.  In the last paragraph of the (R&R), before the conclusion, Magistrate Judge Carmody explains why the record does not support Plaintiff's conclusions.  Specifically, (1) Dr. Ostien relied on Plaintiff's subjective allegations and the ALJ found "severe problems" with Plaintiff's credibility; (2) Dr. Ostien did not opine Plaintiff was incapable of working; and (3) Dr. Ostien recommended outpatient psychotherapy, which Plaintiff disregarded.  Plaintiff's self reported activities were inconsistent with his subjective allegations of pain and his limitations.  Plaintiff's longtime treating physician, Dr. Ackerman, found Plaintiff was capable of performing work activities.  Plaintiff does not deny that the opinion of a treating physician may be rejected when it is unsupported by the medical record or contradicted by substantial medical evidence.  *See Cohen v. Sec'y of Dep't of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).  Accordingly, no error occurred in the weight afforded Dr. Ostien's conclusions and the record contains substantial evidence to support the decision appealed.

    Having reviewed the complaint, the parties' briefs, the Report and Recommendation and Plaintiff's objections, **IT IS HEREBY ORDERED:**

    1.  The Report and Recommendation (Dkt. No. 13) is **ADOPTED OVER OBJECTIONS**;

    2.  The Commissioner's denial of benefits is **AFFIRMED**;

    3.  The complaint is **DISMISSED.**

Date:   April 30, 2009                                            /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           Chief United States District Judge